IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIFFANY WALKER, as Independent Administrator, of the Estate of JAVON WALKER, Deceased,<br><br>      Plaintiff,<br><br>  v.<br><br>WEXFORD HEALTH SOURCES, INC., a Florida Corporation doing business in the State of Illinois, et al.,<br><br>      Defendants. | Case No. 17-cv-03208 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Judgment on the Pleadings (d/e 79) filed by Defendants Lori Baker, Patricia Eddington, and Doris Miller. For the following reasons, the motion is DENIED.

### I. BACKGROUND

On September 22, 2017, Plaintiff Tiffany Walker, the Independent Administrator of the Estate of Javon Walker, filed a 21-count Complaint at Law (d/e 1). Among the claims asserted in

the Complaint at Law are wrongful death claims pursuant to 740 ILCS 180/2 against Defendants Lori Baker, Patricia Eddington, and Doris Miller (formerly Doris Blunt) in their individual capacities (Counts VIII, XIII, and XVIII) and survival actions pursuant to 755 ILCS 5/27-6 against Miller, Eddington, and Baker (hereinafter, Defendants) in their individual capacities (Counts X, XV, and XX).[1]

On September 21, 2018, Defendants filed their Motion for Judgment on the Pleadings, asking the Court to dismiss Plaintiff's wrongful death claims and survival actions against them. Defendants assert that Counts VIII, X, XIII, XV, XVIII, and XX of Plaintiff's Complaint at Law fail to state claims upon which relief can be granted. Motion (d/e 79), at 1. Defendants contend that the duty they owed to Javon Walker emanated from their employment with the State of Illinois. Id. at 4-5. The result, according to Defendants, is that Plaintiff's wrongful death claims

---

[1] The other claims asserted in Plaintiff's Complaint at Law are Eighth Amendment claims against Defendants, Wexford Health Sources, Inc., and Francis Kayira, MD; wrongful death claims against Wexford and Dr. Kayira; survival actions against Wexford and Dr. Kayira; and a Monell claim against Wexford. The Motion for Judgment on the Pleadings does not seek the dismissal of any of these claims.

and survival actions against Defendants are actually claims against the State, meaning that sovereign immunity deprives the Court of jurisdiction over the claims.  Id. at 5.

On December 5, 2018, Plaintiff filed a Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings (d/e 82).  Plaintiff asserts that "Defendants' duty is not derived from their employment as a contractor for IDOC but rather [the duty emanates from] their status as medical professionals" and that "when a defendant's duty is derived independently from their employment with the State then the cause of action is not considered one against the State and the defendant cannot claim sovereign immunity."  Memorandum (d/e 82), at 2.

The following facts come from Plaintiff's Complaint at Law.  The Court accepts these facts as true in ruling on the motion for judgment on the pleadings.  See Adams v. City of Indianapolis, 742 F.3d 720, 727–28 (7th Cir. 2014).

Wexford Health Sources, Inc. (Wexford), is a Florida corporation contracted by the State of Illinois to provide medical care to persons incarcerated in the Illinois Department of Corrections (IDOC).  Complaint (d/e 1), ¶ 7.  Defendants are

nurses licensed and registered in the State of Illinois and employed by Wexford or the State.  Id. ¶¶ 8-10.

On September 23, 2015, Javon Walker (Walker) died, suffering extreme pain and discomfort leading up to his death.  Id. ¶¶ 39, 40.  Prior to his death, Walker had been diagnosed with peritonitis and had experienced a continuous decrease in blood pressure.  Id. ¶¶ 27, 33.  At the time of Walker's death, Walker was incarcerated in IDOC at Graham Correctional Center in Hillsboro, Illinois.  Id. ¶ 13.  Defendants were Walker's registered nurses, treating him and measuring his blood pressure.  Id. ¶¶ 28, 44.  However, Defendants failed to screen, diagnose, or treat Walker's sepsis.  Id. ¶ 36.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the filing of the complaint and answer.  Fed. R. Civ. P. 12(c); Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).  "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Adams, 742 F.3d at 727–28.

A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." Adams, 742 F.3d at 728 (internal quotation marks omitted). The court must draw all inferences in favor of the non-moving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009).

### III. ANALYSIS

The Illinois Court of Claims possesses sole jurisdiction over tort claims made against the State. Nelson v. Miller, 570 F.3d 868, 885 (7th Cir. 2009). In determining whether or not a claim is made against the State, the issues raised and relief sought must be examined. Currie v. Lao, 592 N.E.2d 977, 980 (Ill. 1992). A claim will be found to be against the State if "a judgment for the plaintiff could operate to control the actions of the State or subject it to liability." Id.

Actions are deemed to be against the State if (1) there are no allegations that a State employee acted outside of the scope of his employment, (2) the duty purportedly breached was not owed to the public independent of State employment, and (3) the actions involved were "within that employee's normal and official functions of the State." Healy v. Vaupel, 549 N.E.2d 1240, 1247 (Ill. 1990). Accordingly, if a State employee is charged with negligence arising from the breach of a duty imposed "solely by virtue of his State employment," sovereign immunity will shield the employee and prevent the case from being heard outside the Illinois Court of Claims. Currie, 592 N.E.2d at 980. However, if the employee is charged with breaching a duty imposed upon her independent of her State employment, sovereign immunity will not apply. Id.

Sovereign immunity does not bar all actions against medical professionals employed by the State. See Jinkins v. Lee, 807 N.E.2d 411 (Ill. 2004). In Jinkins, the Illinois Supreme Court allowed claims to proceed against State-employed doctors for failure to diagnose a mental illness. See id. at 412-13. The Illinois Supreme Court held that the doctors owed a duty that arose from the doctor-patient relationship and that the relief sought by the

plaintiff would not force the State to take any particular action or subject the State to liability. Id. at 421-22.

Also, in Madden v. Kuehn, the Illinois Appellate Court for the Second District held that sovereign immunity did not prevent a medical malpractice action against a State-employed doctor who failed to diagnose an inmate with a hereditary disease. 372 N.E.2d 1131, 1132 (Ill. App. Ct. 1978). As the source of the doctor's duty arose from the physician-patient relationship rather than the scope of his employment and the relief sought did not "control the action of the State or subject it to liability," sovereign immunity did not shield the doctor from claims made against him. Id. at 1134-35.

Further, in Watson v. St. Annes Hospital, the Illinois Appellate Court for the First District held that a suit could be maintained against two State-employed doctors because of their failure to diagnose certain illnesses that resulted in death. 386 N.E.2d 885, 890 (Ill. App. Ct. 1979). Not only did each doctor owe a duty to the individual independent of their State employment, the recovery sought against the doctors' personal assets or insurance would not have compelled the State in any way. Id. at 889.

In the instant case, each Defendant was a licensed medical professional. The source of the duty Defendants owed to Walker was their status as medical professionals, not their employment with the State. Therefore, the wrongful death claims and survival actions against Defendants are not claims against the State. Sovereign immunity does not bar these claims from proceeding.

Plaintiff also seeks damages not subject to a sovereign immunity defense. The compensatory damages, punitive damages, and reasonable attorney's fees sought by Plaintiff are to be assessed against each individual Defendant, not the State. <u>See, e.g.</u>, Complaint, at 25. Therefore, awarding Plaintiff these damages and fees would not compel the State to take any action or subject the State to liability.

In arguing for the application of sovereign immunity to the aforementioned wrongful death claims and survival actions, Defendants primarily rely on <u>Hogle v. Baldwin</u>, a case that involved a wrongful death claim stemming from the suicide of an inmate. 2018 WL 2465468, *1 (C.D. Ill. June 1, 2018). The case was filed against, among others, IDOC director John Baldwin. <u>Id.</u> The court held that "Baldwin's duty to provide constitutionally adequate

medical care was not owed to the public generally independent of his employment." Id. at *4. However, while Hogle dealt with the inadequacy of medical care provided to an inmate, the wrongful death claim in that case was brought against Baldwin, an IDOC director, and not a medical professional. See id.

None of the other cases cited by Defendants involved medical care or claims made against medical professionals. Rather, these cases involved State-employed administrative officials. The relevant duties of those officials emanated from the scope of their State employment, as opposed to the duties a medical professional owes to a patient independent of their State employment.

For instance, in Ingram v. Illinois Department of Corrections, a wrongful death claim and survival action were brought against the warden of Menard Correctional Center after an inmate died from hyperthermia as a result of being isolated in an overheated cell. 2011 WL 1519623, *1 (S.D. Ill. Apr. 20, 2011). The district court there held that "the sole source of the dut[y] [the warden] is alleged to have breached"—monitoring the condition of prisoners in isolation and ensuring such prisoners are afforded medical care—was "[the warden]'s employment by the State of Illinois." Id. at *4.

The warden did not owe this duty to the general public independent of his employment. See id.

Medical professionals, however, owe a general duty to the public, one arising from the physician-patient relationship and the duty of care owed a patient, not the scope of any State employment. See Jenkins, 807 N.E.2d at 328. Therefore, the cases cited by Defendants do not persuade the Court that the wrongful death claims and survival actions against Defendants must be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings (d/e 79) filed by Defendants Lori Baker, Patricia Eddington, and Doris Miller is DENIED.

ENTER: August 26, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE